UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ida Smith, Candidate for U.S. HOUSE OF REPRESENTATIVES | } |
| And | } |
| Registered Voters Ann Williams, Chrystalia Petersen, | } |
| Melissa Sylvester, Kimbra Willett, Collister Fahie, | }   Case No. |
| Lawrence Nielsen, Fabiola Richards Poleon, Barbara LaRonde, | } |
| Dr. Cleopatra Peter, Cheryl V. Charles | } |

RECEIVED Mail Room NOV 27 2024 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

Case: 1:24-cv-03398
Assigned To : Ali, Amir H.
Assign. Date : 12/5/2024
Description: Pro Se Gen. Civ. (F-DECK)

Plaintiffs,

Caroline F. Fawkes, Supervisor of Elections in her official capacity    }

Defendant.    }

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Ida Smith and named registered Voters of the Virgin Islands of the United States seek declaratory and injunctive relief against Defendant and in support state as follows:

### Preliminary Statement

1. In the 2024 U.S. House of Representatives for the Virgin Islands election, the procedures and law to have a separate ballot for the Office are published, thereby informing the public of requirements for voting.
2. The procedures and law are also published for voting by paper ballot, and it is clearly enunciated that the paper ballots shall be placed in a bin not fed into a voting machine.
3. All the named Plaintiffs have sworn to the fact that they were deprived of their voting rights in the 2024 federal election.
4. On or about June 2024, Plaintiff Ida Smith filed a complaint with the Department of Justice Civil Rights division, the record number is 463289. Also, a complaint filed in August 2024 and the record number is 491026.
5. The record number complaints involved denial of Constitutional Rights to be a candidate for the office of U.S. House of Representatives, violations of law by the Supervisor of Elections, Caroline F. Fawkes.
6. The Supervisor of Elections, Caroline F. Fawkes added to the qualifications, more than the U.S. Constitution and Act of Congress required.

1

7. On June 11, 2024, The Supervisor of Elections issued a disqualification letter to Candidate Ida Smith, which read in pertinent part, " pursuant to Virgin Islands Code Title 18, Chapter 13, Section 262 and Chapter 17, Section 411( c), your nomination petition for Delegate to Congress is disqualified, due to the appearance that you did not meet the Inhabitant/Residency requirements and your failure to comply with our vetting/investigative request, non-submittal of your current year Transcript of Tax return, IRS Form 4506-T.".
8. Candidate, Ida Smith submitted a declaration to the Supervisor of Elections which included proofs of address, land patent, and the landmark U.S. Supreme Court cases that ruled Congress, States and Territories cannot add to the qualifications of the Office of U.S. House of Representatives.
9. On or about July 18, 2024, Supervisor of Elections Caroline F. Fawkes went on the radio to state there are only two candidates for the U.S. House of Representatives, she said Ida Smith is disqualified for having two voters' registration.
10. On or about July 18, 2024, Ida Smith received a phone call from a reporter of a general circulation newspaper asking if there was anything I would like to say about being disqualified yet again.
11. Candidate Ida Smith contacted the New York Voter's registration office and was given a certified copy of the cancellation of registration for New York effective February 2024.
12. Candidate Ida Smith submitted the cancellation of voter's registration to the Supervisor of Elections July 25, 2024.
13. Supervisor of Elections, Caroline F. Fawkes continued to use the radio and print media to state Ida Smith is disqualified.
14. Plaintiffs were denied their right to vote by paper ballot and to be placed in a bin.
15. Judge at the Voting center told the voters to place their paper ballots in the tabulator.
16. Plaintiffs were coerced to put their paper ballot into a tabulator or lose the right to vote.
17. The judges at the voting centers issued a declaration form entitled," Voter refusing to cast ballot in tabulator" or threatened with arrest remained in the voting center. Attached as Exhibit A.
18. Registered voter, Mary L. Moorhead, was handcuffed and detained by Police in the Voting center for asking to cast her paper ballot in a bin that the law provides.
19. Registered Voters and Plaintiffs were told by the monitors in the Voting Centers that if they don't want to have the same experience as L. Moorhead, they better use the tabulators.
20. Registered voters sworn testimony is when choosing Independent Candidate, Ida Smith number 3 on the ballot that number 2 appeared on the screen as their choice.
21. The Daily News of the Virgin Islands newspaper of general circulation showed the incumbent as number 2 on the ballot and independent candidate Ida Smith as number 2 on the ballot.
22. The editor at The Daily News of the Virgin Islands stated the Supervisor of Elections sent the paperwork with both Candidates having the same number.
23. The Deputy Supervisor of Elections, Terrell Alexandre, took responsibility for submitting the incorrect information to The Daily News of the Virgin Islands.
24. On October 17, 2024, three days after early voting began, Supervisor of Elections, Caroline F. Fawkes filed an action for temporary restraining order; preliminary injunction; permanent injunction; and declaratory relief in her representative capacity as Supervisor of Elections against the nine Board of Election members that voted to put Candidate Ida Smith on the ballot as qualified to be a candidate for federal office.

25. The case was filed in the Superior Court of the Virgin Islands as SX-2024-CV-00070 and was read over many radio stations, and in many newspapers of general circulation and on the internet.
26. One of the prayers for relief in the complaint filed by Supervisor Caroline Fawkes was, "Declare non-party, Ida Smith's nomination petition for Delegate to Congress as disqualified in accordance with the Supervisor of Elections' disqualification of her candidacy for Delegate to Congress, pursuant to 18 V.I.C. § 411(b).
27. The U.S. Attorney General is authorized and proscribed by The Civil Rights Act of 1957( 71 Stat. 634) to seek injunctive relief against the interference with the right to vote in elections for federal office. It further affords the Attorney General with the power to seek declaratory judgment or injunctive relief to restrain the deprivation of rights.
28. 71 Stat. 634 extended the jurisdiction of federal district courts to encompass any civil actions begun to recover damages or secure equitable relief under any act of Congress providing for the protection of civil rights, including the right to vote.

29. The House Qualifications Clause set forth at Article I, Section 2, Clause 2 requires a Member to be at least twenty-five years of age, a United States citizen for seven years, and an inhabitant of the state from which he or she is elected at the time of election.

30. The Framers designed these minimal requirements to give people freedom to choose the person who would best represent their interests in Congress.
31. United States Supreme Court cases, Powell v. McCormack (1969) and U.S. Term Limits, Inc. v. Thornton
32. April 1973, Congress enacted Title 48 U.S.C. § 1713
    **Qualifications for Office of Delegate**

    To be eligible for the Office of Delegate a candidate must—

    (a) be at least twenty-five years of age on the date of the election,

    (b) have been a citizen of the United States for at least seven years prior to the date of the election,

    (c) be an inhabitant of the territory from which he is elected, and

    (d) not be, on the date of the election, a candidate for any other office.

    **PARTIES**
33. May 2024, Plaintiff, Ida Smith submitted nomination petition papers with two hundred plus signatures from registered voters in the Virgin Islands of the United States for the federal position of U.S. House of Representatives.

3

34. Plaintiff, Ida Smith's name was placed on the press release dated May 21, 2024, as being an independent candidate for the U.S. House of Representatives.
35. June 2, 2024, Plaintiff Ida Smith issued a Notice of Inquiry asking for proof of address, proof of IRS 4506T, and a bank statement showing voter's registration address.
36. Plaintiff Ann Williams is a person with a disability, registered voter of the Virgin Islands of the United States, and her right to vote was denied.
37. Plaintiff Chrystalia Petersen is a registered voter of the Virgin Islands of the United States, and her right to vote was denied.
38. Plaintiff Melissa Sylvester is a registered voter of the Virgin Islands of the United States and her right to vote was denied.
39. Plaintiff Kimbra Willett is a registered voter of the Virgin Islands of the United States and his right to vote was denied . Ms. Willett was also handed a declaration by the Judge in the voting center which states she waives her right to vote.
40. Plaintiff Collister Fahie is a registered voter of the Virgin Islands of the United States and his right to vote was denied. Mr. Fahie was also a nominated candidate for Senator.
41. Plaintiff Lawrence Neilsen is a registered voter of the Virgin Islands of the United States and his right to vote was denied.
42. Plaintiff Fabiola Richards Poleon is a registered voter of the Virgin Islands of the United States and her right to vote was denied. Mrs. Poleon also submitted an affidavit alleging intimidation, interference, and coercion at the voting center.
43. Plaintiff Barbara LaRonde is a registered voter of the Virgin Islands of the United States and her right to vote was denied. Mrs. LaRonde is also a veteran and a winning candidate for the office of Board of Elections in the St. Thomas division.
44. Plaintiff Dr. Cleopatra Peter is a registered voter of the Virgin Islands of the United States and her right to vote was denied. Dr. Peter is a winning candidate of the Board of Elections in the St. Croix division. Dr. Peter was able to detect an algorithm used to manipulate the voting machines used in the 2024 election.
45. Plaintiff Cheryl V. Charles is a registered voter of the Virgin Islands of the United States and her right to vote was denied. Ms. Charles was also a write in candidate for the office of Senator.
46. Defendant, Caroline F. Fawkes, is the Supervisor of Elections for Virgin Islands of the United States. In that capacity, she is the chief election officer, appointed by the Board of Election members, and is responsible for administering all territory elections, including those for federal office. Defendant Fawkes is sued in her official capacity.

**JURISDICTION AND VENUE**

47. This case is brought under 42 U.S.C. § 1983. This Court has jurisdiction over the subject matter of this action pursuant to 52 U.S.C. 10101(d), 28 U.S.C. §§ 1331 and 1343. Plaintiffs action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, Preventive relief 52 U.S.C.§ 10101( c).

### The Help America Vote Act of 2002

48. In 2002, Congress passed the Help America Vote Act, 42 U.S.C. §§ 15301 et. Seq. ("HAVA").

49. *Among other things, HAVA mandates that an election official at the polling place, "shall notify the individual that the individual may cast a provisional ballot in that election." Id.* § 15482(a)(1).
50. A voter who seeks to cast a paper ballot under the law of the Virgin Islands shall be permitted . Election security experts agree that most resilient voting systems use paper ballots and that any system that does not include a paper record or a step for voter verification should not be used.
51. The election officials at the polling paces in the Virgin Islands notified the registered voters of a declaration advising individuals that should they refuse to vote by tabulator they forfeit their write to vote.
52. A registered voter, Senior was arrested for requesting to vote by paper ballot in the Virgin Islands of the United States in violation of the HAVA.
53. The requirement under law that a separate ballot for the federal office of U.S. House of Representatives was not adhered to in the 2024 election in the Virgin Islands of the United States.

## CAUSE OF ACTION- Section 1983 Claim for Violations of Rights Granted by the HAVA of 2002

54. Plaintiff incorporates paragraphs 1 through 53 as if fully set forth herein.
55. HAVA requires that all States and Territories permit individuals to cast paper ballots, including any individual whose name does not appear on the official list of eligible voters for the polling place, but who declares that he is a "registered voter in the jurisdiction in which the individual desires to vote and is eligible to vote in an election for Federal office. Hava also mandates that all eligible voters' ballots be counted under the State/Territory's normal ballot counting procedures.
56. As described above, the law to have separate ballots for the federal office did not occur and violates HAVA in many ways.
57. Plaintiffs are being deprived of their fundamental rights guaranteed under the U.S. Constitution, HAVA and 42 U.S.C. § 1983.
58. Moreover, the directive of the Defendant threatens Plaintiffs and the public interest in assuring that all votes to which they are legally entitled to cast are counted.

## CAUSE OF ACTION II- CONSTITUTIONAL RIGHT VIOLATIONS

59. Plaintiff incorporates paragraphs 53 through 59 as fully set forth herein.
60. Plaintiff, Ida Smith's Constitutional right to seek candidacy for the Office of U.S. House of representatives was violated by Supervisor of Elections, Caroline F. Fawkes.
61. The named registered voters were denied their Constitutional right to vote for the candidate of their choice.
62. The named registered voters were denied their Constitutional right to vote by paper ballot and have their vote counted.

## CAUSE OF ACTION III- DECLARATORY JUDGMENT

63. Plaintiff incorporates paragraphs 59 through 63 as fully set forth therein.
64. Plaintiff seeks a declaratory judgment to enforce the law of Article 1 section 2 clause 2.
65. Plaintiffs seek a declaratory judgment to enforce the Civil Rights Act of 1957, 1960 and HAVA of 2002.

## CAUSE OF ACTION IV- INJUNCTIVE RELIEF

66. Plaintiff incorporates paragraphs 63 through 65 as fully set therein.

67. All the Plaintiffs request injunctive relief to make it abundantly clear that the Supervisor of Elections cannot ignore federal laws, civil and constitutional right laws.

**CAUSE OF ACTION V- DAMAGES**

68. Plaintiffs incorporate paragraphs 65 through 67 as fully set therein.
69. Plaintiff, Ida Smith as a Candidate for the Office of U.S. House of Representatives suffered by the harassment of Supervisor of Elections Caroline F. Fawkes.
70. Plaintiff, Ida Smith reputation was tainted by Supervisor of Elections Caroline F. Fawkes with lies and misrepresentations.
71. Plaintiff, Ida Smith as a Candidate was not able to campaign for fifteen weeks thereby losing campaign contributions.
72. Plaintiff Ida Smith lost sleep, time, and suffered emotionally and mentally due to Caroline F. Fawkes slander of her name in the media.
73. Registered Voters named Plaintiffs lost confidence in the voting system due to Supervisor Caroline F. Fawkes' failure to follow the voting laws.

**WHEREFORE**, Plaintiff and the named Registered Voters of the Virgin Islands of the United States ask this Court to enter an Order:

1) Declaring that the authority of the Supervisor of Elections of the Virgin Islands to disqualify a person for the Office of the U.S. House of Representatives more than the qualifications listed in the U.S. Constitution Article 1 Section 2 Clause 2 is unlawful;
2) Declaring that the Supervisor of Elections for the Virgin Islands cannot add to the qualifications for the Office of U.S. House of Representatives as written in Federal law 48 U.S.C. §1713;
3) Declaring that Registered Voters of the Virgin Islands have the right to vote by paper ballot and have those votes placed in a ballot box to be counted manually;
4) Declaring that the provisions of the law to have a separate ballot for the Office of U.S. House of Representatives be upheld;
5) Declaring that the 2024 election for Office of the U.S. House of Representatives be decertified for failure to comply with the law of separate ballot;
6) Preliminarily and permanently enjoining Defendant, her Deputies, agents, representatives and successors in office from applying the provisions of law that violate the U.S. Constitution, Voters Right Act of 1957, and HAVA of 2002; 52 U.S.C. §§ 10301 to 10702, as do the earlier the Civil Rights Acts, 52 U.S.C. §§ 10101, 20701 to 20706.
7) Requiring Defendant promptly to issue a directive to all Virgin Islands Board of Elections members, staff, agents instructing them to count paper ballots in accordance with the Help America Vote Act of 2002;
8) Awarding Plaintiff Ida Smith damages for slander, defamation of character, loss of salary, missed campaign funding opportunities, personal monies used for campaigning, emotional stress, humiliation, punitive damages, in the amount of five million five hundred thousand dollars and such additional relief as the interests of justice may require, together with costs and disbursements in maintaining this action.
9) Awarding Plaintiffs, registered voters of the Virgin Islands decertification of the 2024 Election and such additional relief as the interests of justice may require, together with costs and disbursements in maintaining this action.

Date: November 25, 2024

Respectfully submitted,

*signature*

:Ida-Smith, A.R.R.
510 Main Street #468
New York City, N.Y. 10044
idasmithalexander@outlook.com
646-626-0959

## **VERIFICATION**

I, Ida Smith, declare under the penalty of perjury pursuant to the laws of the U.S. Constitution and in accordance with rules of civil procedure, that immediate and irreparable injury, loss, and damage will result to me before the Defendant can be heard in opposition and that the statements contained in this Complaint are true and correct to the best of my knowledge. The sworn affidavits of the named Registered voters, Plaintiffs are attached as their verified complaint.