UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA SMITH,<br><br>   *Plaintiff*,<br><br> v.<br><br>CAROLINE F. FAWKES,<br><br>   *Defendant*. | Civil Action No. 24-03398 (AHA) |

### Transfer Order

Ida Smith, a candidate in the 2024 election for delegate to the House of Representatives from the Virgin Islands, sues Caroline Fawkes, the Virgin Islands' supervisor of elections, alleging legal infirmities related to the election. Fawkes moves to dismiss the case, arguing Smith lacks a private cause of action and, alternatively, that she filed the case in the wrong place. For the reasons below, the court transfers the case to the District of the Virgin Islands.

**I. Background[1]**

The complaint alleges that when Smith ran in the 2024 election to be delegate to the House of Representatives from the Virgin Islands, Fawkes sent Smith a letter saying she was disqualified for failing to meet certain requirements. ECF No. 1 ¶ 7. Fawkes also publicly stated Smith was disqualified "for having two voters' registration [sic]." *Id.* ¶ 9. It appears from the complaint that Smith's name nonetheless appeared on the ballot after a vote by the board of elections. *Id.* ¶ 24.

---

[1] When considering a motion to dismiss or transfer for improper venue, the court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Beckford v. Esper*, No. 18-cv-940, 2018 WL 4778930, at *1 (D.D.C. Oct. 3, 2018) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)).

However, there was an issue with the ballot's numbering of candidates, such that both Smith and the incumbent appeared "as number 2 on the ballot." *Id.* ¶ 21.

The complaint further alleges that several registered voters in the Virgin Islands election attempted to vote by paper ballot by placing their ballots "in a bin," but were told by officials at the polling locations "to place their ballots in [a] tabulator." *Id.* ¶¶ 14–15. According to the complaint, these voters were "coerced" into placing their paper ballots in a tabulator at the threat of being denied the ability to vote, with one voter being "handcuffed and detained by Police" and others being threatened with the same. *Id.* ¶¶ 16, 18–19.

Smith sued Fawkes in this court. Fawkes moves to dismiss, arguing both that Smith lacks a private cause of action to sue and that the District of Columbia is an improper venue for this suit. ECF No. 8-1. For the reasons below, the court transfers the case to the District of the Virgin Islands.[2]

## II.   Discussion

Civil actions may generally be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28

---

[2]   Smith's pro se complaint identifies other registered voters as plaintiffs but is signed by only Smith. An unrepresented litigant not appearing as an attorney cannot represent others in litigation; each unrepresented litigant must individually sign each pleading. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). The court accordingly construes the complaint as raising claims only on Smith's behalf, without prejudice to curing the issue at the discretion of the receiving court.

U.S.C. § 1391. A plaintiff has the burden to establish venue. *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 & n.1 (D.D.C. 2017) (collecting cases). If a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). But transfer is the "standard remedy." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). And that's especially so when the plaintiff is pro se. *Fam*, 236 F. Supp. 3d at 408 (collecting cases).

The District of Columbia is not a proper venue for this case. The complaint does not allege the defendant, Fawkes, resides in the District; the complaint does not allege any conduct occurring in the District—Smith was a candidate in the Virgin Islands and the alleged infirmities took place in the Virgin Islands, ECF No. 1 ¶¶ 33–45; and Smith could have sued in the District Court of the Virgin Islands, where the alleged conduct occurred.

Smith argues venue is proper here because the position she ran for, delegate to the House of Representatives from the Virgin Islands, "is a federal position." ECF No. 11 at 6. But Smith cites no authority that this alone supports venue. And, while Smith notes that the District Court of the Virgin Islands is an Article IV court, not an Article III court, the statute authorizing transfer for improper venue authorizes transfer to the District of the Virgin Islands. *See* 28 U.S.C. § 1406(c) (defining "district court" to include "the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands" and defining "district" to include "the territorial jurisdiction of each such court").

Consistent with the presumption favoring transfer over dismissal and Smith's pro se status, and in the absence of any argument that transfer would be improper, the court finds it in the interest of justice to transfer the case to the District of the Virgin Islands.

### III. Conclusion

For these reasons, the court transfers this case to the District of the Virgin Islands. Fawkes' motion to dismiss, ECF No. 8, is denied as moot without prejudice to being refiled upon transfer.

_____
AMIR H. ALI
United States District Judge

Date:   October 21, 2025